WILLIAM J. HORNER, PLAINTIFF, v. EARL A. ATCHISON, DEFENDANT.

Argued January term, 1926—Decided March 18, 1926.

**Fornication—Service of Summons and Complaint Made Upon Mother of Defendant During His Absence From the State—Notice of Executing Writ of Inquiry, Also so Served—Judgment for Plaintiff—Record Induces Conclusion That Defendant was Aware of Proceedings and Left the Jurisdiction to Avoid Personal Service—Judgment Will Stand but Assessment of Damages will be Opened to Give Opportunity to be Heard as to the Quantum of Damages.**

On rule to show cause.

Before Justices PARKER, MINTURN and BLACK.

For the plaintiff, *McKirgan & Gilson.*

For the defendant, *Frank E. Bradner.*

PER CURIAM.

A verdict for the plaintiff for $8,135.40 was rendered under the following circumstances: The plaintiff alleges that the defendant, on May 30th, 1924, seduced and committed fornication with his daughter, and that she became pregnant and gave birth to a child. The summons and complaint were served on the mother of defendant, at her place of abode during his absence from the state, and he did not receive them until after judgment had been entered, and a verdict had been rendered on the writ of inquiry. Notice of executing

the writ of inquiry was also served on his mother at her place of abode during his absence from the state, and he received that notice after the writ had been executed. Notice of motion for final judgment was served in the same way.

All these papers were delivered to defendant when he returned to his mother's home about August 27th, 1925. He then applied for a rule to show cause, which was granted, and leave was given to both parties to take depositions. The rule was granted to set aside the verdict and inquisition, so as to allow defendant to plead and defend.

Our examination and consideration of the record induces us to conclude that the defendant, if he did not have personal notice of the service of original process, was aware of it, and betook himself to another jurisdiction to avoid personal service, and perhaps arrest. The process was not served upon a stranger or at a stranger's abode, but upon the defendant's mother, at her home, where the defendant resided, and the reasonable inference is that she, with motherly solicitude, at least, notified him of the fact or caused the papers to be delivered to him. Now that a large verdict has gone against him, he appears for the purpose of vacating the same.

The judgment, in our opinion, should stand, but the assessment of damages upon the writ of inquiry should be opened to the end that the defendant may be given the opportunity of being heard in the usual form upon that procedure as to the *quantum* of damages.

Such will be the rule.